Soto, Appellant, *v.* Vélez, Respondent.

Appeal from the District Court of Mayagüez.

No. 921.—Decided May 29, 1913.

Tenancy at Sufferance—Consideration.—The lower court erred in deciding that the defendant gratuitously occupied the house with the consent of the plaintiff and in consideration of the love and affection which the plaintiff would naturally bear to the defendant on account of his being her adopted son, as such presumption of love and affection is not justified by the facts proven during the trial.

Id.—Bond of Usufructuary.—Considering the evidence introduced, the circumstances of the case and the fact that the plaintiff had not given bond as usufructuary as required by section 490 of the Revised Civil Code, it was held that the lower court erred in deciding that the defendant was under no obligation to pay anything to the plaintiff for the crops and other products of the property which he had been occupying.

Evidence.—The trial court erred in admitting as documentary evidence the records of an action of unlawful detainer between the same parties in which the issues were different from those in the present case.

The facts are stated in the opinion.
*Mr. José Benet* for appellant.
The respondent did not appear.

Mr. Justice MacLeary delivered the opinion of the court.

This is an action brought by the appellant against the respondent to recover $1,525, the amount of various claims set forth in detail, with interest and costs.

The defendant filed his answer substantially denying all the allegations contained in the complaint and setting forth as new matter of defense that Don León N. Gardere y Casés, from whom the property involved in this action was derived,

died in Añasco on November 5, 1905, while married to the plaintiff, leaving a last will and testament, under which José Gardere Vélez was made the heir to all his property, the usufruct in which was to be enjoyed by his widow who was not thereby relieved of her obligation to give the statutory bond; that the plaintiff has not given such bond to the defendant preparatory to the enjoyment of the usufruct of such property; that the property referred to in the complaint and the proceeds, as claimed therein, were left by the aforesaid Gardere at his death and constitute the inheritance of defendant, concluding with the prayer that the complaint be dismissed with costs against the plaintiff.

At the trial held on August 27, 1912, both parties appeared in person and by their respective attorneys, Benet and Arnaldo. Both sides introduced oral and documentary evidence, which was admitted without objection; and being taken together and considered the trial court finds as proven the following facts:

1. That Don León Gardere was the owner of a farm of five and four one-hundredth acres, situated in the ward of Añasco Arriba, of the municipal district of Añasco, comprised in the urban zone—that is to say, the same property that is described in the first paragraph of the complaint; that attached to the said property was a dwelling house of two stories, constructed of wood, with zinc roofing and a balcony at the front, annexed to which is a piece of land shaped like a hammer, with the dimensions set forth in the first paragraph of the complaint.

2. That the said house so affixed to the property in question was acquired by Don León Gardere y Casés prior to his marriage with Teresa Soto, the plaintiff herein, but that subsequently and during their conjugal partnership certain improvements were made thereon bringing it to its present condition.

3. That Don León Gardere y Casés was the owner of a rural estate dedicated to the raising of coffee, minor products,

and use as pasture land, situated in the Cercado ward of the municipal district of Añasco and comprising forty-seven and one-half acres, a description thereof being set forth in the second paragraph of the complaint; that the said rural prop-erty at Cercado was acquired by Gardere during his marriage with the plaintiff herein, who has the title to one un-divided half thereof.

4. That León Gardere y Casés died at Añasco on November 5, 1905, and in his last will and testament declared all his property to belong to the community of himself and his wife and naming as his heir his adopted son, José Gerardo Vélez, the defendant herein.

5. That the testator gave to his wife, the plaintiff herein, the usufruct of his entire estate during her life; that the said will and testament is valid, not having been annulled or vitiated in any manner whatsoever.

6. That it has been proven that after the death of Don León Gardere y Casés, which occurred, as stated, on November 5, 1905, the defendant sold a certain number of hogs-heads of rum and kept the proceeds thereof, amounting to two hundred and thirty-five dollars and thirty-five cents ($235.35), as set forth in the inventory taken on January 27, 1906, in the making of which both parties to the suit participated, together with divers witnesses; in the town of Añasco.

7. That it has also been proven that José Gerardo Vélez received the monthly rentals, corresponding to the months of November and December of the year 1905, from Mr. Washington, an employe of the public schools at Añasco, for the rent of the two-story dwelling house, described in the first paragraph of the complaint, occupied by him as tenant, such rentals amounting to $30.

That the said $30 were received and kept by José Gerardo Vélez, the defendant herein, as appears on the eighth page of the aforesaid inventory; but from a memorandum presented in evidence by the defendant and admitted at the trial with-

out any objection on the part of the plaintiff it appears,
and was not denied by the plaintiff, that subsequently—that
is to say, on January 28, 1906—the defendant, José Gerardo
Vélez, delivered one hundred and ninety dollars ($190) to
the plaintiff, and next day delivered a further sum of thirty-
five dollars ($35), a literal copy of said memorandum being
as follows: "Gerardo has handed me the money on hand.
It amounts to one hundred and ninety; January 28, 1906.
Later, he handed me, on the 29th, thirty-five dollars addi-
tional." That from the contents of this receipt and from
the testimony of the defendant, José Gerardo Vélez, as well
as from that of the plaintiff, Mrs. Soto, it was proved that
the amount of $190 referred to in the paper was in payment
for the rum alluded to in the fourth clause of the complaint
and the other item of $35 included the $30 for the two monthly
instalments of house rent that the defendant received from
Mr. Washington.

9. Taking the evidence all together and estimating the
same, it turns out that José Gerardo Vélez occupied and used
a part of the house described in the first allegation of the
complaint without paying any rent or other compensation to
the plaintiff. But the court cannot find that the defendant,
José Gerardo Vélez, was so occupying and using the part in
question under an arrangement to pay any rent. The court,
after considering the evidence *en masse* reaches the con-
clusion that the defendant, Gerardo Vélez, has been occupying
the said house without being ever required, up to the time of
the complaint herein, to pay any rent therefor, and he has
been so occupying the same with the consent of the plaintiff,
Teresa Soto de Gardere, free and without any consideration
other than that of the love and affection that the plaintiff
necessarily must have borne to the defendant, seeing that he
is her adopted child and has lived with her for, more or less,
thirty years; and the court is still more strongly entrenched
in its belief when it takes into consideration the action for
unlawful detainer brought in case No. 3556 by Teresa Soto

against José Gerardo Vélez, in which complaint reference is made to the two-story wooden house with zinc roofing and balcony in front affixed to that portion of land comprising five acres which is described in the first paragraph of the complaint.

10. That in the action for unlawful detainer the third allegation of the complaint reads literally as follows: "That the defendants, José Gerardo Vélez and his wife, Monserrate Vélez de Vélez, unlawfully hold the substantial possession of the house described in the first allegation of the complaint, retaining and holding the same at sufferance without paying any rent or other consideration therefor. That the said defendants occupy the upper and part of the lower story of said house, refusing to vacate the same and place it at the disposal of the plaintiff, notwithstanding the repeated demands of the latter."

11. The court is of the opinion that the house in question has been occupied, held and enjoyed, as stated in the complaint, *at sufferance,* without payment of any compensation, and that at no time has there been any agreement between the plaintiff and the defendant calling for any payment of rent in connection with the said house.

12. It also appears proven that José Gerardo Vélez for about two years, more or less, took charge of the farm of forty-seven acres lying in the ward Cercado, of Añasco, described in the second clause of the complaint in this action, cultivating the same and employing the proceeds for his own personal use and benefit, harvesting various crops of coffee, the value of which has not been fixed in this action, and likewise cultivating and enjoying the proceeds of crops of sugar-cane as well as of cocoanuts and minor products together with the proceeds of wood or timber that he has cut on the property.

13. But the court has reached the conviction, from the aggregate of the evidence introduced and its estimation from a rational and human standpoint, that the defendant, José

Gerardo Vélez, has been occupying the said property of Cercado with the consent and agreement of the plaintiff, Teresa Soto de Gardere, who placed him in charge thereof—he being her adopted son and having lived with her for about thirty years—when he returned from the United States, whither he had gone in search of a cure for his ailments, without any resources; and the court is of the opinion that the said property was turned over to the defendant, in view of his state of health and bad financial condition in order that he might enjoy the benefits thereof. Such were the facts as found by the trial court.

From all these findings of fact the trial court reached one legal conclusion, to wit: That the defendant, José Gerardo Vélez is under no obligation to make any compensation for the various crops and lesser products of the said property, the proceeds of which he enjoyed and availed himself of with the consent of the plaintiff.

Based on its findings of fact and conclusions of law the trial court makes the following decision: "In view of all the facts that are set forth herein as proven, and considering the law applicable to the case, the court holds that judgment should be, and hereby is, pronounced dismissing the complaint in all its parts, by virtue of which judgment the plaintiff, Teresa Soto de Gardere, shall recover nothing from the defendant, José Gerardo Vélez, but shall pay the costs, disbursements, and counsel fees. And it is ordered that judgment in accordance with the foregoing be duly entered."

The appellant appears in the court by counsel who files a lengthy brief containing an assignment of errors; but no brief is found in the record on behalf of respondent. He probably relies on the opinion of the trial court to sustain the judgment from which this apeal was taken.

A defence made by the defendant in his answer is ignored by the trial court in its opinion and receives scant notice by the appellant's counsel in his brief. But it may be well to advert to it here in passing. It is the second of the new

matters set up in defense to the action, to wit: That the plaintiff has not given any bond to the defendant in order to enter upon and enjoy the properties claimed. It must be remembered that both parties claim under the last will and testament of León Gardere; the defendant as heir and the plaintiff as usufructuary. The property consists of both realty and personalty; and it may be gathered from the record that plaintiff has so far never given any bond, as required by the statute, to entitle her to possession of the same; nor has she been, so far as shown, excused from so doing. Title VI of Book II of the Civil Code, containing 66 sections, treats of usufruct, use and occupancy and certain sections therefore may properly be applied to the facts of this case. See Civil Code, pp. 883–899.

It will be observed that by section 471 of the Civil Code the usufructuary has the right to all the natural, cultivated and civil fruits of the property in usufruct; the same being in this case all the property, real and personal, belonging to the estate of the deceased, León N. Gardere. These rights do not depend on the giving of bond by the usufructuary. Before taking possession of the property the usufructuary must give the required security. Section 490, Civil Code. Should the usufructuary fail to give the required security, the owner may demand administration of the realty and sale of the personalty and safe investment of the proceeds. He may also retain possession of the property in usufruct, pending action by the usufructuary; but he remains under the obligation to deliver the net proceeds thereof to the usufructuary, less the costs of administration. Section 493, Civil Code. These proceeds are exactly what the appellant seeks to recover of the respondent in the present action, and which he refuses to account for or to pay over. However, it may not be necessary to examine more minutely these points in the decision of this case.

Let us see what errors are complained of as having been committed by the court below. They are as follows: .

1. The district court erred in considering as proven the alleged fact that the defendant, José G. Vélez, had delivered to the plaintiff the amounts due to her for the rum sold together with the $30 from the rentals paid by Mr. Washington.

2. The court erred in accepting as proven that the defendant, José G. Vélez, occupied the two-story house with the consent of the plaintiff, Teresa Soto, gratuitously, and in consideration of the love and affection that the plaintiff would naturally bear to the defendant.

3. In its opinion the court, after admitting as proved the fact that the defendant enjoyed the use of the property situated in the ward Cercado and comprising forty-seven acres and kept the proceeds thereof, goes on to find that the defendant, José G. Vélez, had been occupying the property with the consent of the plaintiff, Teresa Soto, she having placed him in charge of the said property when he, the defendant, an adopted child of the plaintiff who had lived with her for thirty years, had returned from the United States where he had gone, without resources or means, in search of a cure for his ailments; and reaches the legal conclusion that the defendant, José G. Vélez, is under no obligation to pay anything for the crops and other products of the said property which he took advantage of and enjoyed.

4. The court erred in admitting as documentary evidence, in behalf of the defendant, the records of the civil action No. 3556 for unlawful detainer, to which the plaintiff took exceptions as being contrary to law, immaterial and without any bearing on the allegations made by the defendant in his answer and new matter of defense.

We will now proceed to consider these four assignments of error successively in the order indicated by the appellant.

First, then, the question arises as to whether or not the proof shows that the defendant, José G. Vélez, had delivered to the plaintiff the amounts due to her for the rum which had been sold and for the rents which had been collected.

It clearly appears from the statement of facts that the

defendant had sold rum to the amount of $235.35 and had collected rents to the amount of $30, and had retained these sums in his own possession; but, in the month of January, 1906, he had handed to the plaintiff $225, according to a memorandum which was introduced in evidence. It is not stated in the memorandum from what source this money was derived, and it may have been a portion of the $265.35, the proceeds of the rum and the rentals which he had previously collected and retained. Though the memorandum does not show it to be a fact, the court may have found from other evidence introduced that this money was paid by the defendant to the plaintiff. In fact, the defendant himself testifies that towards the end of January, 1906, he delivered to the plaintiff the balance of the proceeds from the rum sold and the money also which he had collected for rent. He also says that he used the money, or a part of it, for the payment of accounts owed by the deceased. While the evidence is not clear on this point, and by no means satisfactory, we are not able to say that the court erred in this finding.

The second error complained of is that the trial court considered it to be proven that the defendant gratuitously occupied the two-story house with the consent of the plaintiff and in consideration of the love and affection which the plaintiff would naturally bear to the defendant. The presumption of ''love and affection'' between a mother and her adopted son, who is over thirty years of age, is not such as cannot be rebutted by circumstances such as appear in the statement of facts found in this record. Whatever may have been the previous good feeling between the parties, it was evident that for three or four years prior to the transaction out of which this litigation arose there had been no love and affection whatever existing between them, and there is no reason on which to base this finding made by the trial court, so far as the record states the facts. Then we consider that this finding of the court is unwarranted by the facts as developed on the trial.

The third error complained of is in the conclusion of law which the court draws from the facts found by the court; among others, the one complained of in the previous assign- ment. We consider this conclusion which the court arrived at, that the defendant was under no obligation to pay anything for the crops and other products of that property which he took advantage of and enjoyed, to be erroneous and not justified by the proof which was made on the trial. It is true that there is some evidence to show that there was a kind of an agreement between the parties that the defendant should manage the rural property and the plaintiff the urban prop- erty; but this agreement did not amount to a release of all claims for accounting nor can it be considered as a donation on the part of the plaintiff to the defendant of the usufruct which she was entitled to under the will. The defendant should have accounted to the plaintiff regularly for the net proceeds of the property which he held in his hands, with or without her consent, and to which he would have a claim upon her decease. It was clearly improper to render a judg- ment in favor of the defendant excluding him from all lia- bility and awarding him costs, disbursements and attor- ney's fees.

The fourth error complained of is in regard to the ad- mission of documentary evidence in behalf of the defendant, the same being the records of a civil action for unlawful detainer which had been tried between the parties. These documents having relation to a case entirely foreign to the present and which did not involve the same issues, although it was between the same parties, were irrelevant and im- material and should not have been brought into the present case, since their introduction had no other effect than to con- fuse the questions which were required to be settled between the plaintiff and the defendant.

Then, for the reasons stated the judgment rendered by the court below cannot be maintained and should be reversed and the cause remanded to the district court with instructions

to proceed to a new trial in accordance with law as interpreted in this opinion.

*Reversed and remanded for a new trial.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.